UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISHAL SAXENA, PH.D.,<br>        Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF MASSACHUSETTS<br>CHAN MEDICAL SCHOOL,<br>        Defendant. | CIVIL ACTION NO. 4:19-CV-40007-TSH<br><br>**DEFENDANT, UNIVERSITY OF MASSACHUSETTS CHAN MEDICAL SCHOOL'S, MOTION FOR SUMMARY JUDGMENT** |

This action arises out of the former academic relationship between Defendant, University of Massachusetts Chan Medical School (the "Medical School" or "Defendant"), and its former student, Plaintiff, Vishal Saxena ("Plaintiff"). Plaintiff's Complaint – first filed on January 7, 2019 and later amended on May 15, 2019 – asserts four remaining claims against the Medical School: Counts 4 & 6 allege disability discrimination in violation of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("the "Rehabilitation Act") and Counts 5 & 7 allege retaliation in violation of Title V of the ADA and the Rehabilitation Act.[1]  As this Court will see, much like those claims that it previously dismissed,[2] Plaintiff's remaining claims are entirely without merit, and are ripe for summary dismissal.

By way of brief background, after being accepted to the Medical School in May 2014, Plaintiff formally began his studies in August 2014.  More than a month into his first academic term, and less than *one* week before his first anatomy lab was scheduled, Plaintiff disclosed – for

---

[1]  Plaintiff's Complaint originally contained eight counts. See Docket No. 1.  However, upon a Partial Motion to Dismiss by the Medical School (Docket Nos. 9-10), this Court dismissed Counts 1, 2 and 3, alleging age discrimination, race/national origin discrimination, and retaliation, respectively, all in violation of M.G.L. c. 151B.  See Docket No. 23.  On March 24, 2022, the parties stipulated to the dismissal with prejudice of Count 8 of Plaintiff's Complaint alleging invasion of privacy.  See Docket No. 92.

[2]  See Docket No. 23, pg. 9, fn. 3.

the first time – that he allegedly previously experienced reactions to formaldehyde that would prevent him from appearing in the anatomy lab at the Medical School.  Upon receipt of this information, the Medical School quickly began its obligation to participate in a comprehensive, diligent and good faith interactive dialogue with Plaintiff to learn more about his asserted reactivity for formaldehyde and to identify an appropriate academic accommodation.

As part of this interactive dialogue – which is expanded upon at length in the Medical School's Statement of Material Facts, filed contemporaneously herewith – the Medical School met with Plaintiff and requested that he provide documentation of his asserted reactivity from an allergist.  After the Medical School's Academic Accommodations Committee (the "AAC") reviewed the documentation Plaintiff submitted, it determined, in good faith, that it was necessary to speak with the two physicians who produced notes for Plaintiff to obtain from them additional, reasonable information, and clarification on certain aspects of their notes.  Plaintiff intentionally prevented that from happening.  Indeed, from that point and continuing until he was voluntarily withdrawn from the Medical School in July 2018, Plaintiff took a decidedly uncooperative and obstructionist posture with the AAC, altogether refusing to comply with the very reasonable requests it was making of him.  Plaintiff's posture in this respect caused a breakdown in the interactive process, thereby insulating the Medical School from liability on Plaintiff's allegation that the Medical School failed to accommodate his alleged disability.  See E.E.O.C. v. Kohl's Dept. Stores, Inc., 774 F.3d 127, 132 (1st Cir. 2014).

All the while the AAC continued its efforts to get Plaintiff to engage in a good faith interactive dialogue, in the absence of receiving an academic accommodation, Plaintiff was held to the same standards as his fellow medical students, including participating in anatomy lab sessions.  Nonetheless, the Medical School's faculty, including the Associate Dean of Student

Affairs, did whatever they could to support Plaintiff during this time (as extensively discussed in the Statement of Material Facts).

Despite this reality and the objective evidence, Plaintiff believes that the Medical School's conduct toward him was motivated by a discriminatory and retaliatory animus. In support of his claims, Plaintiff relies not on objective facts, but, instead, on speculation, and a belief system that perceives innocuous comments and actions by the Medical School as discriminatory and retaliatory. When Plaintiff's assertions are evaluated against the rigorous McDonnell-Douglass burden-shifting framework, however, it becomes readily apparent that Plaintiff (i) cannot prove a prima facie case of discrimination or retaliation, but, even if he could, (ii) he wholeheartedly fails to proffer evidence that would show that both the Medical School's stated reasons for its actions were pretextual and that its real motivations were discriminatory and retaliatory. See Mesnick v. Gen. Elec. Co., 950 F.2d 816, 823 (1st Cir. 1991)

In light of the foregoing, pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Medical School hereby moves for summary judgment in its favor and against Plaintiff on all remaining counts of Plaintiff's Complaint. Under the well-established rule, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing motions for summary judgment, the First Circuit has made clear that "[n]ot every discrepancy in the proof is enough to forestall a properly supported motion for summary judgment; the disagreement must relate to some genuine issue of material fact." Mesnick, 950 F.2d at 822.

The First Circuit has further recognized that "[g]enuine issues of material fact are not the stuff of an opposing party's dreams. On issues where the non-movant bears the ultimate burden of proof he must present definite, competent evidence to rebut the motion." Id. This "standard

*compels* summary judgment if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 33 (1st Cir. 2001) (emphasis in original).  Thus, although the Court must "interpret the record in the light most hospitable to the non-moving party . . . the non-movant has a corresponding obligation to offer the court more than steamy rhetoric and bare conclusions." Lawton v. State Mut. Life Assurance. Co. of Am., 101 F.3d 218, 222-23 (1st Cir. 1996) (internal citations and quotations omitted).

    For the reasons set forth above, and in the Medical School's Memorandum of Law In Support of Motion for Summary Judgment and Statement of Material Facts, filed contemporaneously herewith, there are no material facts in dispute and the Medical School is entitled to judgment as a matter of law.

    WHEREFORE, Defendant, University of Massachusetts Chan Medical School, respectfully requests that this Court allow its Motion for Summary Judgment and dismiss Plaintiff's Complaint, in its entirety, with prejudice.

RESPECTFULLY SUBMITTED,

**UNIVERSITY OF MASSACHUSETTS CHAN MEDICAL SCHOOL**

By its attorneys,

/s/ Brian M. Casaceli
Jonathan R. Sigel, Esq., BBO # 559850
Brian M. Casaceli, Esq., BBO #690580
Mirick, O'Connell, DeMallie & Lougee, LLP
1800 West Park Drive, Suite 400
Westborough, MA 01581-3926
Phone: 508.860.1474
Fax:    508.983.6261
Email: jsigel@mirickoconnell.com
        bcasaceli@mirickoconnell.com

Dated:  February 17, 2023

## LOCAL RULE 7.1 CERTIFICATION

I, Brian M. Casaceli, hereby certify that I have conferred with plaintiff's counsel, Nicholas Gomes, Esq, in good faith to resolve or narrow the issue presented by the motion for summary judgment.

/s/ Brian M. Casaceli
Brian M. Casaceli

Dated:  February 17, 2023

## CERTIFICATE OF SERVICE

I, Brian M. Casaceli, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Brian M. Casaceli
Brian M. Casaceli

Dated: February 17, 2023