FILED IN CLERKS OFFICE

MAY 8 '23 PM 3:24 USDC MA

### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VISHAL SAXENA, Ph.D.,<br>    Plaintiff,<br><br>      v.<br><br>UNIVERSITY OF MASSACHUSETTS<br>MEDICAL SCHOOL,<br>     Defendant. | CIVIL ACTION NO. 4:19-CV-40007-TSH |

## MOTION TO RECONSIDER MOOTNESS

Dr. Vishal Saxena (Dr. Saxena or Plaintiff) hereby requests the honorable court to reconsider

making the motions filed as moot.


**The court's assertion that Plaintiff is represented by counsel and therefore the matter is**

**moot is not a mootable matter**


Moot (or mootness) is defined in the following way by the Legal Institute at Cornell:

"Because Federal Courts only have constitutional authority to resolve actual disputes (see Case

or Controversy) legal actions cannot be brought or continued after the matter at issue has been

resolved, leaving no live dispute for a court to resolve. In such a case, the matter is said to be

"moot"."


The above definition seems to include both types of mootness defined next. According to an

article titled "Mootness: An Explanation of the Justiciability Doctrine" published on Feb 7, 2007

by the Congressional Research Service, there are two types of mootness:

Article III mootness and Prudential mootness. The Article III mootness refers to the idea that a

matter that is not live is considered moot and such cases are not taken up by the court. The

second type is prudential mootness and is explained by the article in the following way,

"In some circumstances, a controversy, not actually moot, is so attenuated that considerations

of prudence and comity for coordinate branches of government counsel the court to stay its

hand, and to withhold relief it has the power to grant."

The author further says:

"The doctrine of prudential mootness is often applied in cases where the federal court declines

to grant the plaintiff's request for declaratory judgment or injunctive relief because the defendant

"has already changed or is in the process of changing its policies or where it appears that any

repeat of the actions in question is otherwise highly unlikely." The Supreme Court has explained

that the burden on the party asking the court to dismiss a case on prudential mootness grounds

is a "heavy one," as the movant (usually the defendant) must "demonstrate that there is no

reasonable expectation that the wrong will be repeated.""

The current matter is a live matter and therefore cannot be deemed as moot. Further, this

matter of mootness was made by the court and not requested by the Defendant initially. Thus,

this matter is clearly not a mootable matter.

Further, although this matter clearly does not fall in either of the categories defined for mootness

(which basically mirror the definition given above by the Legal Institute), one of the exceptions

that applies to mootness (from the article) can be cited (viz the "Possibility of Collateral Legal

Consequences"). This is because the matter that is being requested (the removal of the judge)

has important consequences to the case and matters such as incomplete discovery and refusal

to hold depositions by Defendant about which the court has been notified both by Dr. Saxena's

counsel and by Dr. Saxena himself are also very important. Therefore justice is not being served in this case. However, regardless of the exception, according to the article (and other references reviewed), this matter does not fall under the doctrine of mootness, either Article III or prudential.

It is also mentioned in the literature that questions of mootness or whether a matter is moot are questions of law. Therefore, Plaintiff requests that if the court is not able to reconsider and remove the matter as moot, that this matter be requested to be given for appellate review under 1292b. The reference titled CIVIL PROCEDURE CASES AND MATERIALS, 11th edition, by Friedenthal et al states on page 364,
"Similarly, questions of mootness and standing of parties may be characterized as raising questions of subject matter jurisdiction".

**Discovery is incomplete and yet the case has reached summary judgment**

Discovery has not been completed and depositions on Defendant have not been conducted and therefore Plaintiff feels that he will not get justice without recusal. It has repeatedly been pointed out to the court by both counsel and Plaintiff that Defendant has not provided a complete document production and has also refused to have depositions conducted on them. In spite of this, this has not been looked into by the court and no relief has been provided. It is not clear to Plaintiff how the matter has reached summary judgment when discovery hasn't been completed. When discovery is incomplete, then relief is unlikely to be expected from this case which really deals with a complaint against Defendant for failure to accommodate a disability. Defendant has been given ample opportunity to build its case but Plaintiff has been denied this opportunity. This is unjust and Plaintiff believes this is happening because of the court's bias.

Plaintiff has been deposed four times and yet Defendant has not submitted and refused to allow depositions on itself. Deposition is one of the main parts of discovery. There is little value in discovery if depositions on Defendant don't occur. During discovery proceedings, when litigants have the opportunity to build their case, Defendant has been able to build this case while Plaintiff hasn't been given this opportunity.

Plaintiff continues to suffer right from the beginning because the honorable court is biased against him. Grounds for bias have already been raised in previous motions.

The court's repeated saying that the matter is moot further shows bias in the court and Plaintiff feels more strongly that he has been denied and will be denied justice in this court.

It is unclear to Plaintiff why his counsel is unable to make filings. Only counsel knows why they are unable to. The court has also been notified that at least at one time, Plaintiff's counsel has been ill and yet the court has still not provided relief. However, Plaintiff has a right to be heard. Thus, in the interests of justice and for this additional reason as well (other than that this is not a mootable matter), the court should reconsider calling the motions moot and allowing the Plaintiff to file on these matters.

**Recusal is necessary**

This matter of recusal was filed by counsel and the court denied that motion. The request for recusal filed by Dr. Saxena continued on the subject matter initiated by that first filing and thus this matter cannot be moot since the court considered it. Further, this matter does not fall, as far as Plaintiff is able to ascertain, under the doctrine of mootness.

Because of the above reasons, Dr. Saxena respectfully requests the court to reconsider the motions filed as moot and to respectfully recuse itself from this case, or alternatively stay the case while it is submitted for interlocutory appeal.

Dr. Vishal Saxena

May 8, 2023