UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **VISHAL SAXENA, PH.D,** | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 19-40007-TSH |
| **UNIVERSITY OF MASSACHUSETTS** | ) | |
| **MEDICAL SCHOOL,** | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER ON PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL
June 6, 2023

**HILLMAN, S.D.J.**

Before the Court is Plaintiff Vishal Saxena's motion to appeal in forma pauperis which arises from the Court's May 16, 2023, denial of Plaintiff's fourth motion to reconsider his five motions for recusal, reassignment, or to stay the case. Plaintiff also moves the Court to allow him to file electronically. As set forth below, Plaintiff's motion to proceed on appeal in forma pauperis is denied because Plaintiff has not met the standard to file IFP.

Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." Fed. R. App. P. 24(a)(1). To their motion, the "party must attach an affidavit that: (A) shows ... the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." *Id*. 24(a)(1)(A)-(C). A party who meets this standard may proceed in forma pauperis on appeal unless "the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or

finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." *Id*. 24(a)(3)(A).

The standard for in forma pauperis ("IFP") eligibility is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The determination of what constitutes "unable to pay" or unable to "give security therefor," is left to the sound discretion of the district court based on the information submitted by the Plaintiff. *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed. Appx. 157 (2d Cir. 2002) (*citing Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982)).

"[O]ne must [not] be absolutely destitute to enjoy the benefit of the [in forma pauperis] statute" and the [in forma pauperis] statute does not require an individual to "contribute ... the last dollar they have or can get." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman*, 195 F. Supp. 2d at 537 (*quoting Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978)). Still, courts have historically conferred the privilege only on parties who are poor and indigent. *See Auffant v. Paine, Webber, Jackson & Curtis, Inc.*, 538 F.Supp. 1201, 1202 (D.P.R.1982).

In his IFP motion, Plaintiff declares under the penalty of perjury that he is not employed and that he has $4,200 in a checking or savings account. He owns a house that is valued at $506,000 and a 2015 car valued at $15,000. His total monthly income from rent and gifts is $2,173 and his monthly expenditures are $2,388. Plaintiff has paid attorney's fees in this case

totaling $16,000, including $10,000 in February 2023. On this financial record, the court denies Plaintiff's IFP motion because it appears that he has sufficient funds to pay the $505 filing fee.

Plaintiff's motion for permission to file electronically is denied as he is represented by counsel, however Plaintiff may receive email notification of the docket activity. The clerk will be directed to add Plaintiff's email address to the CM/ECF docket.

## Conclusion

It is hereby Ordered that:

1. Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Docket No. 169) is **denied**; and

2. Plaintiff's Motion to Allow Plaintiff to File Electronically (Docket No. 171) is **granted** only as to allow Plaintiff to receive email notifications of docket activity on CM/ECF and is otherwise **denied**.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**